FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 12 PM 11: 21

Brewster H. Jamieson, ASBA No. 8411122
LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone: 907-277-9511
Facsimile: 907-276-2631
Email: jamiesonb@lanepowell.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| GATX FINANCIAL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MUNICIPALITY OF ANCHORAGE; DON M. MCGEE, in his capacity as Assessor of the Municipality of Anchorage; and BOARD OF EQUALIZATION OF THE MUNICIPALITY OF ANCHORAGE,<br><br>Defendants. | Case No. A05-0291-CV ( )<br><br>**VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |

1. This is a civil action seeking to restrain and enjoin the defendants, and those in active concert and participation with them, from levying or collecting *ad valorem* property taxes from plaintiff, GATX Financial Corporation, for the 2004 tax year because such taxes are discriminatory and unlawful under Section 306 of the Railroad Revitalization and Regulatory Reform Act of 1976, Pub. L.No. 94-210, 90 Stat. 54 (Feb. 5, 1975), now codified at 49 U.S.C. § 11501 and referred to herein as "Section 306." Plaintiff also seeks a declaratory judgment pursuant to 28 U.S.C. §2201 that defendants' assessment of *ad valorem* property taxes against plaintiff for the 2004 tax year, and the levy and collection of *ad valorem* property taxes based upon such assessment, violate Section 306.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is based upon the following grounds:

   a. Section 306(2) which confers jurisdiction upon district courts of the United States (notwithstanding 28 U.S.C. § 1341 and without regard to amount in controversy or citizenship

of the parties) to prevent a state, subdivision of a state, or any authority acting for a state or subdivision of a state, from levying or collecting taxes that result in discriminatory treatment of common carriers by railroad;

    b. 28 U.S.C. § 1337 (as more fully appears herein, this action arises out of an act of Congress regulating commerce); and

    c. 28 U.S.C. § 1331 (as more fully appears herein, this action arises under the United States Constitution, Article I, §8, cl. 3 (commerce clause) and the Fourteenth Amendment of the United States Constitution.

    3. The defendants reside in this district, and the claims arise in this district, and proper venue is in this Court under 28 U.S.C. § 1391(b).

## PARTIES

    4. Plaintiff, GATX Financial Corporation ("GATX"), is a Delaware corporation with its principal office located in the State of Illinois.

    5. The plaintiff furnishes railcars for use by interstate common carriers by railroad subject to the jurisdiction of the Surface Transportation Board.

    6. Defendant Municipality of Anchorage ("MOA") is a unified home rule municipality and a subdivision of the State of Alaska authorized to impose, levy, and collect *ad valorem* property taxes.

    7. Defendant Don M. McGee is the Assessor of MOA charged with the responsibility to asses property in MOA for property tax purposes.

    8. The Board of Equalization of MOA ("the Board") is an administrative board empowered to review and modify assessments established by the MOA Assessor.

## *AD VALOREM* TAXATION IN MOA

    9. Alaska statute, AS 29.45.010, permits a unified home rule municipality such as MOA to enact a property tax.

    10. MOA has enacted Title 12 of its Municipal Code ("the Code") which, in part, imposes real and personal property taxes on property in Anchorage.

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907.277.9511   Fax: 907.276.2631

11. Section 12.05.045 of the Code established the office of Assessor. Pursuant to state statute, AS 29.45 et seq., the Assessor is to assess property at its full and true value as of January 1 of the assessment year. The full and true value is the estimated price which the property would bring in the open market under the prevailing market conditions in a sale between a willing seller and a willing buyer both conversant with the property and with prevailing general price levels.

## MOA *AD VALOREM* TAXES
## ON RAILROAD CAR COMPANIES

12. GATX owns tank cars which are furnished to the Alaska Railroad Corporation (ARR). The tank cars are provided for GATX's customers to move chemicals and petroleum products on the ARR from Fairbanks to Anchorage, Alaska.

13. GATX's tank cars are in constant use and are continually moving unless temporarily stored for maintenance. The tank cars are loaded in Fairbanks, emptied in Anchorage, and returned empty to Fairbanks for re-loading.

14. Section 12.10.010 of the Code subjects all non-exempt commercial and industrial personal property to taxation, including but not limited to all furniture, furnishings, fixtures, machinery and equipment used by a business or in a business capacity.

15. Section 12.10.030 of the Code defines "tax situs" of personal property as "the principal place where an item of personal property is located, having due regard to the residence and domicile of its owner, the place where it is registered or licensed, whether it is taxed by other municipalities, and any other factors which may indicate the principal location of the property." When the property is not within MOA on January 1 but "is usually, normally or regularly kept or used within the municipality," then tax situs in MOA is "conclusively presumed" by the Code.

16. For GATX's railcars, which are not continually in MOA, the Assessor utilizes methods to "allocate" the full value of the personal property to MOA for tax purposes.

17. For the 2004 tax year, the Assessor originally used a factor of 81% of the reported original costs of GATX's railcars in Anchorage on January 1 to determine the assessed value of GATX's railcars in MOA. The assessed value of GATX's railcars so determined was $419,495.

18. GATX has paid $6,796 in taxes to MOA based on the 81% factor.

19. The Assessor ultimately reduced the 81% allocation factor to a 37% allocation factor, but he applied this factor against the value of GATX's entire fleet in Alaska, and not just its cars in Anchorage on January 1.

20. As part of an administrative appeal filed by GATX to the Board, GATX provided a study prepared by ARR demonstrating that GATX's railcars annually spend only 9.44% of their time within MOA.

21. At a meeting of the Board on November 30, 2005, the Board approved an assessment of $1,922,742, for GATX's railcars, based on the use of a factor of 37% applied against the undisputed value of GATX's entire fleet of railcars in Alaska.

22. As a result of the Assessor's use of a 37% factor, MOA is assessing and is attempting to collect tax on property which is not within the jurisdiction of MOA.

23. All other commercial and industrial taxpayers in MOA pay personal property taxes only on the value of their property located in Anchorage on January 1, or properly apportioned or allocated to Anchorage.

### SECTION 306

24. Section 306, a copy of which is attached to this Complaint as Exhibit 1, declares discriminatory taxation of rail transportation property by state, political subdivisions of a state, or governmental entities or persons acting on behalf of such states or subdivisions, to constitute an unreasonable and unjust discrimination against and an undue burden upon interstate commerce. Section 306 states (in part):

> It is unlawful for a State, a political subdivision of a State, or a governmental entity or person acting on behalf of such State or subdivision to commit any of the following prohibited acts:
>
> (a) The assessment (both only to the extent of any portion based on excessive values as hereinafter described), for purposes of a property tax levied by any taxing district, of transportation property at a value which bears a higher ratio to the true market value of such transportation property than the ratio which the assessed value of all other commercial and industrial property in the same assessment jurisdiction bears to the true market value of all such other commercial and industrial property.

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907.277.9511  Fax: 907.276.2631

(b) The levy or collection of any tax on an assessment which is unlawful under subdivision (a).

(c) The levy or collection of any *ad valorem* property tax on transportation property at a tax rate higher than the tax rate generally applicable to commercial and industrial property in the same assessment jurisdiction.

(d) The imposition of any other tax which results in discriminatory treatment of a common carrier by railroad subject to this part.

25. All of the plaintiff's railroad cars assessed by MOA are "transportation property" as defined in Section 306(3)(d).

26. Tax discrimination against the rail transportation property of railroad car companies results in discriminatory treatment of common carriers by railroad, and thus violates Section 306(1)(d).

## CLAIM

27. The plaintiffs re-allege and incorporate herein the allegations contained in Paragraphs 1 thought 26 of this Verified Complaint.

28. Section 306(1)(a) prohibits the assessment of transportation property at a higher ratio to true market value than the ratio of assessed value to true market value of all other commercial and industrial property in the same assessment jurisdiction.

29. "True market value" as utilized in Section 306 means fair market value as that term is traditionally defined, and is synonymous with "full and true value" as used in the Code of MOA.

30. For the 2004 tax year, other commercial and industrial personal property in MOA was appraised for assessment purposes at no more than 100% of the fair market value of such property located in MOA.

31. Plaintiff's railcars are not operated exclusively within MOA, but instead operate both within and without MOA. Accordingly, only a portion of the value of plaintiff's railcars may be considered located in MOA for purposes of imposition of a property tax.

32. For the 2004 tax year, the defendants will attempt to collect taxes based on an excessive allocation of value to MOA. As a result, the ratio of the assessed value to true market value of plaintiff's property exceeds the ratio applicable to other commercial and industrial property by more than 5%, in direct contravention of the prohibitions of Section 306(1)(a). In addition, the excessive

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907.277.9511   Fax: 907.276.2631

valuation as determined by the defendants results in the taxation of a portion of plaintiff's railcars which are not located in MOA, when other commercial and industrial taxpayers are taxed only on their property located in MOA, in violation of Section 306(1)(d).

33.   Unless the defendants, their agents and those acting in concert with them are enjoined and restrained by this Court from assessing, levying, and collecting taxes based upon the illegal assessment, the plaintiff will be obligated to pay such illegal taxes wrongfully assessed in violation of Section 306.

34.   Plaintiff is entitled to a declaratory judgment, order, and decree of this Court determining the proper assessment of plaintiff's transportation property and an injunction and temporary restraining order enjoining the defendants, their agents and those acting in concert with them, from assessing, levying, or collecting taxes in excess thereof. Plaintiff should not be required to pay such taxes until the lawful taxes are determined.

### PRAYER FOR RELIEF

1.   To determine the proper assessment of the plaintiffs' cars subject to tax in MOA;

2.   To enjoin and restrain the defendants and all those acting in concert or participating with them, both preliminarily and permanently, from asserting, and collecting, taxes excessive and illegal under Section 306.

3.   Issue all necessary declaratory, prohibitory and mandatory restraining orders and injunctions to effectuate the findings of this Court; and for such other relief as will effectuate the provisions of Section 306 and grant the plaintiffs full relief.

DATED this 12th day of December, 2005.

LANE POWELL LLC<br>
Attorneys for Plaintiff<br><br>
By _____<br>
Brewster H. Jameson, ASBA No. 8411122

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907.277.9511  Fax: 907.276.2631

121591.0001/152161.1

PROHIBITING DISCRIMINATORY TAX
TREATMENT OF TRANSPORTATION PROPERTY

SEC. 306. Part I of the Interstate Commerce Act (49 U.S.C. 1 et seq.), as amended by this Act, is further amended by inserting therein a new section 28, as follows:

"SEC. 28. (1) Notwithstanding the provisions of section 202(b), any action described in this subsection is declared to constitute an unreasonable and unjust discrimination against, and an undue burden on, interstate commerce. It is unlawful for a State, a political subdivision of a State, or a governmental entity or person acting on behalf of such State or subdivision to commit any of the following prohibited acts:

"(a) The assessment (but only to the extent of any portion based on excessive values as hereinafter described), for purposes of a property tax levied by any taxing district, of transportation property at a value which bears a higher ratio to the true market value of such transportation property than the ratio which the assessed value of all other commercial and industrial property in the same assessment jurisdiction bears to the true market value of all such other commercial and industrial property.

"(b) The levy or collection of any tax on an assessment which is unlawful under subdivision (a).

"(c) The levy or collection of any ad valorem property tax on transportation property at a tax rate higher than the tax rate generally applicable to commercial and industrial property in the same assessment jurisdiction.

"(d) The imposition of any other tax which results in discriminatory treatment of a common carrier by railroad subject to this part.

"(2) Notwithstanding any provision of section 1841 of title 28, United States Code, or of the constitution or laws of any State, the district courts of the United States shall have jurisdiction, without regard to amount in controversy or citizenship of the parties, to grant such mandatory or prohibitive injunctive relief, interim equitable relief, and declaratory judgments as may be necessary to prevent, restrain, or terminate any acts in violation of this section, except that—

"(a) such jurisdiction shall not be exclusive of the jurisdiction which any Federal or State court may have in the absence of this subsection;

"(b) the provisions of this section shall not become effective until 8 years after the date of enactment of this section;

"(c) no relief may be granted under this section unless the ratio of assessed value to true market value, with respect to transportation property, exceeds by at least 5 per centum the ratio of assessed value to true market value, with respect to all other commercial and industrial property in the same assessment jurisdiction;

"(d) the burden of proof with respect to the determination of assessed value and true market value shall be that declared by the applicable State law; and

"(e) in the event that the ratio of the assessed value of all other commercial and industrial property in the assessment jurisdiction to the true market value of all such other commercial and industrial property cannot be established through the random-sampling method known as a sales assessment ratio study (conducted in accordance with statistical principles applicable to such studies) to the satisfaction of the court hearing the complaint that transportation property has been or is being assessed or taxed

in contravention of the provisions of this section, then the court shall hold unlawful an assessment of such transportation property at a value which bears a higher ratio to the true market value of such transportation property than the assessed value of all other property in the assessment jurisdiction in which is included such taxing district and subject to a property tax levy bears to the true market value of all such other property, and the collection of any ad valorem property tax on such transportation property at a tax rate higher than the tax rate generally applicable to taxable property in the taxing district.

"(3) As used in this section, the term—

"(a) 'assessment' means valuation for purposes of a property tax levied by any taxing district;

"(b) 'assessment jurisdiction' means a geographical area, such as a State or a county, city, township, or special purpose district within such State which is a unit for purposes of determining the assessed value of property for ad valorem taxation;

"(c) 'commercial and industrial property' or 'all other commercial and industrial property' means all property, real or personal, other than transportation property and land used primarily for agricultural purposes or primarily for the purpose of growing timber, which is devoted to a commercial or industrial use and which is subject to a property tax levy; and

"(d) 'transportation property' means transportation property, as defined in regulations of the Commission, which is owned or used by a common carrier by railroad subject to this part or which is owned by the National Railroad Passenger Corporation.""

Brewster H. Jamieson, ASBA No. 8411122
LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone: 907-277-9511
Facsimile: 907-276-2631
Email: jamiesonb@lanepowell.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| GATX FINANCIAL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MUNICIPALITY OF ANCHORAGE; DON M. MCGEE, in his capacity as Assessr of the Municipality of Anchorage; and BOARD OF EQUALIZATION OF THE MUNICIPALITY OF ANCHORAGE<br><br>Defendants. | Case No. A05-_____ CV (____)<br><br>**VERIFICATION OF COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |

| | |
|---|---|
| STATE OF ILLINOIS | ss. |
| COUNTY OF COOK | |

I, Douglas W. Thornley, being first duly sworn upon oath, deposes and states that I am the Tax Manager for GATX Financial Corporation in Chicago, Illinois. I have reviewed Verified Complaint for Injunctive and Declaratory Relief, and to the best of my knowledge and belief, the answers are true and complete.

By: Douglas W. Thornley
Tax Manager, GATX Financial Corporation

SUBSCRIBED AND SWORN TO THIS 9TH day of December, 2005, at Chicago, Illinois.

Notary in and for the State of Illinois
My commission expires: 11-12-08

OFFICIAL SEAL
AUDREY L ONYSZKO
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/12/08