Dean T. Gates
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
e-mail: uslit@muni.org
(907) 343-4545
(907) 343-4550 facsimile

Attorney for Defendants
Municipality of Anchorage
Don M. McGee
Board of Equalization

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GATX FINANCIAL CORPORATION | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MUNICIPALITY OF ANCHORAGE, DON M. MCGEE, in his capacity as Assessor of the Municipality of Anchorage, and BOARD OF EQUALIZATION of Municipality of Anchorage | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) Case No. A05-291-Civ |
| | ) |

## ANSWER AND COUNTERCLAIM

Defendants Municipality of Anchorage ("Municipality"), Don M. McGee ("Assessor"), and Board of Equalization ("Board" or "BOE"), (collectively "defendants")

through the Municipal Attorney's Office, hereby answer plaintiff's complaint in corresponding paragraphs as follows:

1. Paragraph 1 of plaintiff's complaint does not require a response.

## JURISDICTION AND VENUE

2. Defendants respond to the plaintiff's assertion of jurisdiction by each ground as follows:

    a. Plaintiff's allegation of discriminatory treatment is **denied**, therefore Defendants denies this court has jurisdiction under Section 306(2) of the Railroad Revitalization and Regulatory Reform Act of 1976, P. L. 94-210, 90 Stat. 54 (Feb. 5, 1975), codified at 49 U.S.C. § 11501 *et seq.* (4-R Act).

    b. **Denied** on same grounds as 2.a. above.

    c. **Admits** jurisdiction under 28 U.S.C. § 1331 based on grounds that there are issues in this controversy that arise under the United States Constitution, Art. VIII, clause 3 ("Commerce Clause"), and Due Process clauses of the United States Constitution, amendments V and XIV.

3. **Admitted**.

## PARTIES

4. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 4 of plaintiff's complaint and therefore **deny** the same.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 5 of plaintiff's complaint and therefore **deny** the same.

6. **Admitted**.

7. **Admitted**.

8. **Admitted**.

### AD VALOREM TAXATION IN MOA

9. **Admitted**.

10. **Admitted**.

11. **Admitted** that section 12.05.045 of the Anchorage Municipal Code ("Code" or "AMC") established the off of the Assessor. The remainder of paragraph 11 of plaintiff's complaint states a legal conclusion or quotes state statutes to which no answer is required at this time.

### MOA AD VALOREM TAXES ON RAILROAD CAR COMPANIES

12. **Admitted** to the extent that GATX owns tank cars which move chemicals and other products on the Alaska Railroad ("ARR") between Fairbanks and Anchorage. The defendants lack knowledge regarding how the tank cars are furnished or provided and therefore **deny** the remainder of paragraph 12.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 13 of plaintiff's complaint and therefore **deny** the same.

14. Paragraph 14 of plaintiff's complaint states a legal conclusion to which no response is required at this time.

15. Paragraph 15 of plaintiff's complaint states a legal conclusion to which no response is required at this time.

16. Defendants **admit** that, for personal property not continuously within Municipal boundaries, the Assessor utilizes methods to assess the full and true value of the personal property and then allocate part of that value to the Municipality for tax purposes. The language used to state this assertion in plaintiff's complaint at paragraph 16 is **denied**.

17. **Admitted**.

18. **Admitted**.

19. **Admitted**.

20. Defendants **admit** that GATX provided a study prepared by ARR. The remainder of the allegations in paragraph 20 are **denied**.

21. Defendants admit at a November 30, 2005 meeting the Board approved an assessment of $1,922,742 of GATX's railcars based on the use of a factor of 37%. The remainder of paragraph 21 is **denied**.

22. **Denied**.

**Answer and Counterclaim**
**GATX v. MOA, Case No. A05-291-Civ**
**Page 4 of 9**

23. Except for the use of the word "other" and its implications, Defendants **admit** the allegations in paragraph 23 of plaintiff's complaint.

## SECTION 306

24. Paragraph 24 of plaintiff's complaint states a legal conclusion to which no answer is required at this time.

25. **Admitted**.

26. Paragraph 26 of plaintiff's complaint states a legal conclusion to which no answer is required at this time.

## CLAIM

Defendants reallege and incorporate by reference the averments of paragraphs 1-26 above.

27. Paragraph 27 of plaintiff's complaint does not require a response.

28. Paragraph 28 of plaintiff's complaint states a legal conclusion to which no answer is required at this time.

29. Paragraph 29of plaintiff's complaint states a legal conclusion to which no answer is required at this time. To the extent the term "true market value" in Section 306 is allegedly synonymous with "full and true value" used in the Code and Alaska Statutes, defendants **admit** same.

30. Defendants **admit** that for the 2004 tax year, only that they intended assessed values of all commercial and industrial personal property property for tax

purposes to never to exceed 100% of the "full and true value" of such property located in the Municipality.  The remainder of paragraph 30 is **denied**.

31. The first sentence of paragraph 31 of plaintiff's complaint is **admitted**. The remainder of paragraph 31 is **denied**.

32. **Denied**.

33. Paragraph 33 of plaintiff's complaint is speculative and conclusory and does not require a response, therefore the assertions therein are **denied**.

34. **Denied**.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's complaint fails to state a claim on which relief may be granted.

2. The conduct of defendants of which plaintiff complains was justified given the circumstances.

3. The defendants acted in a manner that was proper, reasonable, lawful and exercised in good faith.

4. The defendants did not discriminate against plaintiff in levying and imposing property taxes in any manner prohibited by the 4-R Act, the United States Constitution, or the Constitution of the State of Alaska.

5. Defendants exercised discretion as permitted and conferred upon them by law.

## COUNTER-CLAIM

Defendant Municipality of Anchorage ("Municipality"), exclusive of other named defendants in the complaint, files this counterclaim against plaintiff GATX as follows:

1.      The Municipality realleges and incorporate by reference the averments of paragraphs 4 through 16 (inclusive), 25, and 31 of its Answer above for purposes of this counterclaim.

2.      GATX owns tank cars which were present in the State of Alaska for tax years 2000 through 2003, inclusive. Such tank cars had a sufficient nexus with the Municipality to fall under its taxing powers for those tax years.

3.      GATX's tank cars referenced herein were assessed at $87,000 for each tax year 2000 through 2002, inclusive. This assessed amount is erroneous and significantly undervalued the property in error.

4.      GATX paid $1,545.12 in taxes for the 2000 assessed value; paid $1,568.61 in taxes for the 2001 assessed value; and paid $1,493.79 in taxes for the 2002 assessed value.

5.      GATX's tank cars referenced herein were assessed at $87,315 for tax year 2003. This assessed amount is erroneous and significantly undervalued the property in error.

6.      GATX paid taxes in the amount of $1,450.30 on its tank cars for tax year 2003.

7. The Municipality is authorized by law to assess property erroneously omitted from the tax rolls as escaped property under Alaska Statute § 29.45.220.

8. A significant amount of the value of GATX's tank cars, as personal property subject to *ad valorem* taxes, was erroneously omitted from the tax rolls for 2000 through 2003, inclusive.

9. The amount of taxes GATX paid for the 2000 through 2003 tax years, inclusive, is deficient because of the omitted value of its tank cars. The Municipality may collect the difference by placing the property on a supplementary assessment roll.

10. GATX is liable for unpaid taxes for tax years 2000 through 2003, inclusive, in an amount to be determined at trial.

## REQUEST FOR RELIEF

WHEREFORE, defendants respectfully request relief as follows:

A. For judgment in favor of defendants and against plaintiff dismissing the complaint with prejudice;

B. For judgment in favor of the Municipality and against plaintiff for taxes owed for tax years 2000 through 2003 inclusive, in an amount to be determined at trial;

C. For judgment awarding defendants their costs and attorney's fees incurred in this action; and

D. For such other relief as this court deems just and equitable.

DATED this 3rd day of January, 2006.

                FREDERICK H. BONESS
                MUNICIPAL ATTORNEY

                /s/__Dean T. Gates_____
                Dean T. Gates
                Assistant Municipal Attorney
                AK Bar No. 0105025

The undersigned hereby certifies that on January 3, 2006
A true and correct copy of the Answer and Counterclaim
Was served on:
    Brewster Jamieson

By first class mail, and/or by electronic means through the
ECF system as indicated on the Notice of Electronic Filing.

/s/_Retah Hicks___
Retah Hicks, Legal Secretary
Municipal Attorney's Office

**Answer and Counterclaim**
**GATX v. MOA, Case No. A05-291-Civ**
**Page 9 of 9**