Brewster H. Jamieson
LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska  99503-2648
Tel:     907-277-9511
Fax:    907-276-2631
Email:  jamiesonb@lanepowell.com

Stephen D. Goodwin
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
2000 First Tennessee Building
Memphis, Tennessee 38103
Tel:     901-577-2141
Fax:    901-577-0734
Email:  sgoodwin@bakerdonelson.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| GATX FINANCIAL CORPORATION,<br><br>          Plaintiff/Counter Defendants,<br><br>v.<br><br>MUNICIPALITY OF ANCHORAGE; DON M. MCGEE, in his capacity as Assessor of the Municipality of Anchorage; and BOARD OF EQUALIZATION OF THE MUNICIPALITY OF ANCHORAGE,<br><br>          Defendants/Counter Claimant. | Case No. A05-00291 CV (TMB)<br><br>**MOTION TO DISMISS COUNTER-CLAIM FOR LACK OF <u>SUBJECT MATTER JURISDICTION</u>** |

Pursuant to Rule 12(b)(1) of the Fed. R. Civ. P., plaintiff/counter-claim defendants GATX Financial Corporation ("GATX") hereby moves this Court to dismiss the Counterclaim of Defendant Municipality of Anchorage ("MOA") for lack of subject matter jurisdiction.  This motion is supported by the below, the attached, and the entire record in this cause.

### I.  INTRODUCTION

On December 12, 2005, GATX filed a Verified Complaint for Injunctive and Declaratory Relief pursuant to Section 306 of the Railroad Revitalization and Regulatory Reform Act of 1976,

now codified at 49 U.S.C. § 11501 ("Section 306"). As set forth in that Verified Complaint, GATX alleges that for tax year 2004, defendants, and those in active concert and participation with them, levied and assessed discriminatory ad valorem property taxes for tax year 2004 and will attempt to collect such discriminatory taxes from GATX.

On January 3, 2006, MOA filed its Answer and Counterclaim, wherein MOA asserted a Counterclaim against GATX by which MOA seeks a judgment from this Court for municipal property taxes allegedly owed by GATX on its tank cars for tax years 2000 through 2003. This judgment is sought notwithstanding that GATX paid taxes when due for tax years 2000 through 2003 based on fixed assessments and that MOA failed to initiate any attempt to re-assess GATX's property for those tax years. Nevertheless, MOA alleges that under Alaska Statute § 29.45.220, it is authorized by law to assess property erroneously omitted from the tax rolls as escaped property. Counterclaim, ¶ 7. In addition, MOA alleges that "[a] significant amount of the value of GATX's tank cars . . . was erroneously omitted from the tax rolls for 2000 through 2003, inclusive." Counterclaim, ¶ 8. MOA alleges that GATX is liable for unpaid taxes for tax years 2000 through 2003 and that MOA may collect the alleged deficiency. Counterclaim, ¶¶ 9 - 10.

However, MOA's Counterclaim should be dismissed because this Court does not have jurisdiction over MOA's claim.

## II.  SECTION 306

Section 306, a copy of which is attached hereto as Exhibit 1, prohibits tax discrimination against railroad transportation property and railroads, confers federal court jurisdiction, and creates an express federal injunctive remedy to enforce such prohibitions. Section 306 declares discriminatory taxation of rail transportation property by state, political subdivisions of a state, or governmental entities or persons acting on behalf of such states or subdivisions, to constitute an unreasonable and unjust discrimination against and an undue burden upon interstate commerce. Section 306(1) states (in part):

> It is unlawful for a State, a political subdivision of a State, or a governmental entity or person acting on behalf of such State or subdivision to commit any of the following prohibited acts:
>
> (a) The assessment (both only to the extent of any portion based on excessive values as hereinafter described), for purposes of a property tax levied by any

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

taxing district, of transportation property at a value which bears a higher ratio to the true market value of such transportation property than the ratio which the assessed value of all other commercial and industrial property in the same assessment jurisdiction bears to the true market value of all such other commercial and industrial property.

(b) The levy or collection of any tax on an assessment which is unlawful under subdivision (a).

(c) The levy or collection of any ad valorem property tax on transportation property at a tax rate higher than the tax rate generally applicable to commercial and industrial property in the same assessment jurisdiction.

(d) The imposition of any other tax which results in discriminatory treatment of a common carrier by railroad subject to this part.

Section 306(3)(d) defines "transportation property" to mean "transportation property, as defined in the regulations of the [Interstate Commerce] Commission, which is owned or used by a common carrier by railroad subject to this part or which is owned by the National Railroad Passenger Corporation."  All of Plaintiff's railroad cars assessed by MOA are "used" by a railroad and constitute "transportation property" as defined in Section 306(3)(d).  *See Trailer Train Co. v. State Board of Equalization*, 697 F.3d 860 (9th Cir.), *cert. denied*, 464 U.S. 846 (1983)(enjoining a discriminatory tax rate against carline property).

Section 306 was enacted as part of a comprehensive congressional plan to revitalize the nation's railroads and to strengthen the United States' transportation system.  After more than 15 years of investigation, various congressional committees and study groups concluded that state tax discrimination against railroads was pervasive and constituted an undue burden upon interstate commerce; that state laws which guaranteed equal tax treatment for railroads had not been observed; and that state administrative and judicial remedies had not afforded railroads an efficient and effective means of obtaining relief from discriminatory state taxation.  These committees recommended that Congress establish a clear federal policy against discriminatory state taxation of railroads and create an efficient federal judicial remedy to enforce such a policy against the states. *See Atchison, Topeka & Santa Fe Ry. Co. v. Board of Equalization*, 795 F.2d 1442, 1443 n.2 (9th Cir. 1986), *vacated on other grounds*, 828 F.2d 9 (9th Cir. 1987), and authorities cited therein.  *See*

*also State of Arizona v. Atchison, Topeka & Santa Fe Ry. Co.*, 656 F.2d 398, 400 (9th Cir. 1981); *Trailer Train*, *supra*, 697 F.2d at 865-66.

Declaring state and local tax discrimination against transportation property to be "an unreasonable and unjust discrimination against, and an undue burden upon, interstate commerce," Section 306 confers jurisdiction upon district courts of the United States, notwithstanding 28 U.S.C. § 1341, the Tax Injunction Act, and without regard to amount in controversy or citizenship of the parties, to "grant such mandatory or prohibitive injunctive relief, interim equitable relief,[1] and declaratory judgments as may be necessary to prevent, restrain or terminate any acts in violation of [Section 306]." (emphasis added).  *See* Section 306(2).

### III.  ARGUMENT

As set forth in the Complaint, jurisdiction of this Court over GATX's claims against MOA is predicated upon Section 306(2) and 28 U.S.C. §§ 1331 and 1337.  Complaint, ¶ 2.  Section 306 neither authorizes counterclaims nor establishes any federal jurisdiction over asserted "counterclaims" by taxing authorities.  Although Rule 13 of the Federal Rules of Civil Procedure provides for the assertion of a counterclaim against a plaintiff, Rule 82 establishes that the Rules "shall not be construed to extend or limit the jurisdiction of the United States district courts."  MOA failed to include a statement of the grounds upon which the court's jurisdiction is invoked for its Counterclaim as required by Rule 8(a).  This Court lacks subject matter jurisdiction over MOA's Counterclaim.

First, MOA's Counterclaim does not assert a federal question.  Under 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  MOA alleges that under Alaska Statute § 29.45.220, MOA is authorized by law to assess property erroneously omitted from the tax rolls as escaped property.  Counterclaim, ¶ 7.  MOA alleges further that pursuant to this Alaska state statute, MOA may collect unpaid taxes from GATX because "[a] significant amount of the value of GATX's tank cars, as personal property subject to *ad valorem* taxes, was erroneously omitted from the tax rolls for [tax years] 2000 through 2003, inclusive."  Counterclaim, ¶ 8.  Thus, MOA's Counterclaim arises solely

---

[1] In lieu of pursuing a temporary restraining order or preliminary injunction to restrain the threatened collection of the disputed 2004 taxes, GATX sought and obtained MOA's consent to pay the disputed taxes in the registry of this Court pending this Court's decision on the merits.

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

under a provision of Alaska Statute § 29.45.220 and does not arise under the Constitution, laws, or treaties of the United States.

In addition, this Court lacks diversity jurisdiction over MOA's Counterclaim under 28 U.S.C. § 1332. "A party seeking to invoke the jurisdiction of this [district] Court must plead, and prove, the existence of facts sufficient to support that jurisdiction." *Brandt v. Bay City Super Market*, 182 F. Supp. 937, 939 (N.D. Cal. 1960). Thus, in order to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332, the claimant must allege, subject to the requirements of Rule 11, and prove facts to show that there is greater than $75,000 in controversy and that no opposing parties are citizens of the same state. *Id.* In this case, MOA did not plead diversity jurisdiction and does not include in the Counterclaim the requisite elements to establish diversity jurisdiction.

Also, this Court does not have supplemental jurisdiction over MOA's Counterclaim. Under 28 U.S.C. § 1367(a), supplemental jurisdiction is established as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

With respect to counterclaims, district courts may exercise supplemental jurisdiction over compulsory counterclaims, but permissive counterclaims must be supported by an independent basis for subject matter jurisdiction. *Iglesias v. Mutual Life Ins. Co. of New York*, 165 F.3d 237, 241 (1st Cir. 1998); *Unique Concepts, Inc. v. Manuel*, 930 F.2d 573, 574-75 (7th Cir. 1991); *Anderson v. Central Point School District No. 6*, 554 F. Supp. 600 (D. Or. 1982), *affirmed and remanded in part on other grounds* 746 F.2d 505 (9th Cir. 1984). As distinguished from a permissive counterclaim, Rule 13(a) provides that a compulsory counterclaim arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim. To determine whether claims arise out of the same transaction or occurrence, the Ninth Circuit applies the "logical relationship test." <u>Pochiro v. Prudential Ins. Co. of America</u>, 827 F.2d 1246, 1249 (9th Cir. 1987). Under the logical relationship test, claims arise out of the same transaction or occurrence where "the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

the issues be resolved in one lawsuit." *Id.* (citing *Harris v. Steinem*, 571 F.2d 119, 123 (2nd Cir. 1978)).

In this case, MOA's Counterclaim purports to be a state law claim based upon the alleged underassessment of GATX's tank cars and corresponding taxes allegedly due from GATX for omitted/escaped property for tax years 2000 through 2003 pursuant to Alaska Statute § 29.45.220. In contrast, GATX's claim is a federal claim under Section 306 based upon MOA's discriminatory ad valorem taxation of GATX's tank cars for tax year 2004 pursuant to Section 306, notwithstanding whether the taxation complies with Alaska law. The essential facts to be proved and the legal issues to be resolved are distinct for each claim. For MOA's Counterclaim, the essential facts include the value of GATX's tank cars for tax years 2000, 2001, 2002, and 2003, and the legal issues relate to the procedures for taxing omitted/escaped property under Alaska Statutes and the ordinances of MOA. In contrast, for GATX's claim, the essential facts include the ratio of the assessed value to the true market value of GATX's tank cars and the ratio of assessed value to true market value of other commercial and industrial property for tax year 2004, and whether MOA's 2004 assessment of GATX's tank cars results in discrimination under federal law, specifically Section 306. Because the facts necessary to prove and the attendant legal issues necessary to resolve MOA's state law Counterclaim and GATX's federal claims are distinct rather than connected, the claims are not logically related. *See, e.g., United States v. Aronson*, 617 F.2d 119, 121 (5th Cir. 1980)(tax refund claims for tax year 1971 did not arise out of the same transaction or occurrence as opposing party's claim regarding assessments in tax years 1967 and 1968 under logical relationship test). Consequently, MOA's Counterclaim does not arise from the same transaction or occurrence that is the subject matter of GATX's claim; and therefore, MOA's Counterclaim is, at best, permissive rather than compulsory. As a permissive counterclaim, MOA's Counterclaim requires an independent basis for subject matter jurisdiction. However, as set forth above, this Court has neither federal question nor diversity jurisdiction over the Counterclaim. Similarly, MOA's state law Counterclaim is not related to GATX's federal claim and does not form the same case or controversy as GATX's claim; and therefore, this Court does not have supplemental jurisdiction over MOA's Counterclaim.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

Even if MOA has properly plead a basis of federal jurisdiction for its Counterclaim, principles of federalism, judicial restraint, and comity would bar the exercise of jurisdiction over MOA's Counterclaim. As set forth above, this Court's jurisdiction in this case is predicated on Section 306(2), now codified at 49 U.S.C. § 11501(c), wherein Congress included an express exception to 28 U.S.C. § 1341, the Tax Injunction Act as follows:

> Notwithstanding section 1341 of title 28 and without regard to the amount in controversy or citizenship of the parties, a district court of the United States has jurisdiction, concurrent with other jurisdiction of courts of the United States and the States, to prevent violation of subsection (b) of this section.

49 U.S.C. § 11501(c). The Tax Injunction Act "has its roots in equity practice, in principles of federalism, and in recognition of the imperative need of a State to administer its own fiscal operations." *Jerron West, Inc. v. State of California State Board of Equalization*, 129 F.3d 1334, 1338 (9th Cir. 1998)(citing *Tully v. Griffin, Inc.*, 429 U.S. 68, 73 (1976)). "Its primary purpose is to prevent federal court intrusion into state tax collection, an area which deserves the utmost comity to state law and procedure." *Id.* (citing *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 522 (1981); *Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293, 301 (1943); *Dillon v. State of Montana*, 634 F.2d 463, 466 (9th Cir. 1980)(concluding that the Act "is meant to be a broad jurisdictional impediment to federal court interference with the administration of state tax systems). While MOA's state law claim may not be technically barred by the Tax Injunction Act, MOA's Counterclaim runs afoul of the primary purpose of the Act, which is to prevent federal court intrusion into state tax collection and to comply with the utmost comity due to state law and procedure.

For its Counterclaim, MOA seeks a judgment from this Court in order to collect omitted/escaped property taxes allegedly owed by GATX on its tank cars for tax years 2000 through 2003. *See* Counterclaim. MOA asserts its Counterclaim to judicially determine the alleged omitted/escaped property taxes despite the procedure to collect the omitted taxes established under the Alaska Statutes and the Municipal Code of Anchorage. Alaska Statute § 29.45.220 provides that "[t]he assessor shall include property omitted from the assessment roll on a supplementary roll, using the procedures set out in this chapter for the original roll." Section 12.05.060 of the Municipal Code provides that:

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

> When the assessor discovers that an error or omission has been made in a real or personal property assessment or billing, the assessor, upon receipt of proper documentation showing error or omission, may assess, reassess, bill or rebill for such property. Taxable property which has been omitted from assessment for any year may thereafter be assessed and taxed for that year at any future time.

Thus, despite the state and municipal procedures available for collection of the alleged omitted/escaped taxes, MOA improperly invites this Court to assess and levy municipal property tax against GATX in evident violation of the purpose of the Tax Injunction Act, principles of federalism, judicial restraint, and comity.

Moreover, entertaining MOA's Counterclaim would be contrary to the Supreme Court's holding in *Moses Lake Homes, Inc. v. Grant Co.*, 365 U.S. 744 (1961). In *Moses Lake*, the Supreme Court held that "[f]ederal courts may not assess or levy taxes." *Id.* at 874. While federal courts may determine whether a tax is valid, only the appropriate taxing official may assess and levy taxes. *See id.* In *Moses Lake*, the Court reviewed the decision of the Ninth Circuit sustaining the district court finding that the tax at issue was discriminatory and remanding to the district court to reduce the amount of taxes to the extent invalid. *Id.* at 748-49. The *Moses Lake* Court held that the Ninth Circuit erred because the district court has no power to assess or levy a tax. *Id.* at 874. In accordance with *Moses Lake*, this Court has no power to assess or levy taxes - the very relief MOA seeks by its Counterclaim.[2] Therefore, this Court should dismiss MOA's Counterclaim.

## IV. CONCLUSION

As set forth above, this Court lacks subject matter jurisdiction over MOA's Counterclaim; and therefore, this Court should dismiss MOA's Counterclaim.

---

[2] *Moses Lake* does not, on the other hand, limit this Court's jurisdiction to enjoin discriminatory taxes and assessments under Section 306. GATX does not ask this Court to establish an assessment in the first instance; instead, this Court will merely determine whether an assessment <u>already established</u> violates a specific federal statute which forms an exception to the principles of federal judicial restraint and comity in areas of state and local taxation. Thus, no conflict exists between Section 306 and *Moses Lake*. *See, e.g., State of Arizona v. Atchison, Topeka, and Santa Fe R.R. Co.*, 656 F.2d 398, 410 (9th Cir. 1981)(no need to reconcile Section 306 and *Moses Lake*); *Southern Railway Co. v. State Board of Equalization*, 715 F.2d 522, 526 n.9 (11th Cir. 1983), *cert. denied*, 465 U.S. 1100 (1984)(it is incumbent upon the taxing authority, not the federal court, to assess the property in the first instance; thus, no conflict exists between *Moses Lake* and a claim under Section 306); *Clinchfield R.R. Co. v. Lynch*, 700 F.3d 126, 131 n.6 (4th Cir. 1983)(discussing legislative history reconciling Section 306 and *Moses Lake*).

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

DATED this 7th day of February, 2006.

                                          LANE POWELL LLC
                                          Attorneys for Plaintiff

                                          By   s/ Brewster H. Jamieson
                                            Brewster H. Jamieson, ASBA No. 8411122
                                            301 West Northern Lights Boulevard, Suite 301
                                            Anchorage, Alaska  99503-2648
                                            Telephone:     907-277-9511
                                            Facsimile: 907-276-2631
                                            Email:  jamiesonb@lanepowell.com

I certify that on February 7, 2006, a copy
of the foregoing was served by ECF on:

Dean T. Gates, Esq.  uslit@muni.org
Stephen D. Goodwin  sgoodwin@bakerdonelson.com

 s/ Brewster H. Jamieson
Brewster H. Jamieson
121591.0001/153500.1

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska  99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

**Motion to Dismiss Counterclaims for Lack of Subject Matter Jurisdiction**
*GATX Financial Corporation v. Municipality of Anchorage, et al.*  (A05-00291 CV (TMB))        **Page 9 of 9**