Dean T. Gates
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
e-mail:  uslit@muni.org
(907) 343-4545
(907) 343-4550 facsimile

Attorney for Defendant
Municipality of Anchorage

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GATX FINANCIAL CORPORATION )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MUNICIPALITY OF ANCHORAGE, DON M. )<br>MCGEE, in his capacity as Assessor of the )<br>Municipality of Anchorage, and BOARD OF )<br>EQUALIZATION of the Municipality of Anchorage)<br>)<br>Defendants. )<br>_____) | Case No. 3:05-cv-00291 (TMB) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM FOR LACK OF SUBJECT MATTER JURISDICTION**

COMES NOW Defendant, Municipality of Anchorage ("Municipality"), by and through the Municipal Attorney's Office, and hereby files its Opposition to Plaintiff's Motion to Dismiss Counterclaim for Lack of Subject Matter Jurisdiction.  The Municipality's Opposition is supported by the memorandum below, the federal law that confers jurisdiction in this matter, state law, and the record in this case.

I.  **INTRODUCTION**

The plaintiff, GATX Financial Corporation ("GATX"), describes in the introduction section of its Motion to Dismiss a fairly accurate summary of the pleadings and allegations in this case. However, it is possible that GATX misunderstands the basis for the Municipality's Counterclaim, or perhaps the Municipality did not state its basis clearly in its pleading. The Municipality's Counterclaim is predicated on the same assessment methodology as used for the 2004 taxes, and expresses its intent to apply that methodology to issue a supplemental tax roll for prior tax years 2000 through 2003, and issue a retroactive tax bill to GATX for those years. Should the Court declare the 2004 assessment methodology is nondiscriminatory, the Counterclaim preserves the Municipality's claim for taxes owed on escaped property, and the relief requested is specifically a declaration authorizing the Municipality to issue a retroactive tax assessment to GATX for those years using the approved nondiscriminatory method of assessing and levying property taxes. The Court would not be assessing and levying a tax, but authorizing the Municipality to do so under the alleged discriminatory assessment method.

II. **THE MUNICIPALITY'S COUNTERCLAIM RAISES THE QUESTION WHETHER THE METHODOLOGY USED FOR THE 2004 ASSESSMENT, IF CONSISTENT WITH SECTION 306, MAY BE APPLIED TO ESCAPED PROPERTY.**

GATX's Complaint and Motion to Dismiss are premised on Section 306 of the Railroad Revitalization and Regulatory Reform Act of 1976, Pub. L. No. 94-210, 90 Stat. 54 (Feb. 5, 1975), now codified at 49 U.S.C. § 11501 *et seq.* ("4-R Act" or the "Act").

Opposition to Motion to Dismiss Counterclaims
GATX v. Municipality of Anchorage, Case No. 3:05-cv-00291-TMB
Page 2 of 12

Section 306 prohibits discriminatory taxation by its plain language, and confers jurisdiction to federal courts to review questions of whether a state or local tax is discriminatory. Section 306, as codified, states in part:

> Notwithstanding any provision of section 1341 of title 28, and without regard to the amount in controversy or citizenship of the parties, a district court of the United States has jurisdiction, concurrent with other jurisdiction of courts of the United States and the States, to prevent a violation of subsection (b) of this section. . . .

49 U.S.C. § 11501(c).[1]

The Municipality alleges that GATX's property assessed for business personal property tax purposes in tax years 2000 through 2003 did not include all of GATX's property that has sufficient nexus with the Municipality for taxation purposes. Counterclaim ¶ 2. Data and information gathered for the 2004 tax assessment showed all of GATX's railcars in the State of Alaska, the subject property of this case, have a sufficient nexus to the Municipality for taxation purposes because they are all primarily

---

[1] Subsection (c) states in full:

> (c) Notwithstanding section 1341 of title 28 and without regard to the amount in controversy or citizenship of the parties, a district court of the United States has jurisdiction, concurrent with other jurisdiction of courts of the United States and the States, to prevent a violation of subsection (b) of this section. Relief may be granted under this subsection only if the ratio of assessed value to true market value of rail transportation property exceeds by at least 5 percent the ratio of assessed value to true market value of other commercial and industrial property in the same assessment jurisdiction. The burden of proof in determining assessed value and true market value is governed by State law. If the ratio of the assessed value of other commercial and industrial property in the assessment jurisdiction to the true market value of all other commercial and industrial property cannot be determined to the satisfaction of the district court through the random-sampling method known as a sales assessment ratio study (to be carried out under statistical principles applicable to such a study), the court shall find, as a violation of this section--
> (1) an assessment of the rail transportation property at a value that has a higher ratio to the true market value of the rail transportation property than the assessed value of all other property subject to a property tax levy in the assessment jurisdiction has to the true market value of all other commercial and industrial property; and
> (2) the collection of an *ad valorem* property tax on the rail transportation property at a tax rate that exceeds the tax ratio rate applicable to taxable property in the taxing district.

**Opposition to Motion to Dismiss Counterclaims**
**GATX v. Municipality of Anchorage, Case No. 3:05-cv-00291-TMB**
**Page 3 of 12**

used for the transportation of chemicals and petroleum products on the Alaska Railroad from Fairbanks, Alaska to destinations within the Municipality's boundaries. *See* Complaint, ¶¶ 12-13. Thus, the 2004 tax assessment used all of GATX's railcars in the State of Alaska as a basis for value, and then applied a 37% allocation factor. Complaint, ¶¶ 19, 21. The Municipality intends to show, evidenced by the record before the Board of Equalization, that assessment of all GATX's railcars within the State of Alaska was appropriate. Complaint ¶¶ 16-21; Counterclaim ¶ 2, 8-9.

The Counterclaim seeks declaratory relief that the 2004 tax methodology, if ruled nondiscriminatory under the 4-R Act, is also nondiscriminatory when used to collect taxes owed on GATX property omitted from the rolls in the 2000 through 2003 tax years, said property being the railcars not reported on GATX's returns for those tax years but that were in the State of Alaska and had sufficient nexus with the Municipality for tax purposes.[2] Such omitted railcars were "usually, normally, or regularly … used within the municipality" sufficient to establish nexus for tax purposes. *See* Anchorage Municipal Code ("AMC" or "Code") section 12.10.030; Complaint ¶ 15.

The relief sought by the Counterclaim is a ruling the Municipality may collect taxes on escaped or omitted property owned by GATX for tax years 2000 through 2003

---

[2] The Municipality's records support this assertion. Because the tax assessments for 2000 through 2003 accepted GATX's reported property on its tax returns filed for those years, which only listed railcars physically in the Municipality on January 1 of the tax year and not all the property with a nexus to the taxing jurisdiction, those returns omitted a significant number of railcars in the tax roll. Such omitted railcars were included in the 2004 tax roll and are believed to have been in the State of Alaska for the prior years.

**Opposition to Motion to Dismiss Counterclaims**
**GATX v. Municipality of Anchorage, Case No. 3:05-cv-00291-TMB**
**Page 4 of 12**

using the same assessment method as the 2004 tax assessment.[3] Thus, the Court's jurisdiction under the 4-R Act to prevent discriminatory taxation is implicated by the Counterclaim. 49 U.S.C. § 11501(c). One of the purposes of the 4-R Act is to "restore the financial stability of the railway system in the United States" and among the means Congress employed to do so was a prohibition on discriminatory state or local taxation of railroad property. *Burlington Northern R. Co. v. Oklahoma Tax Comm'n,* 481 U.S. 454, 457, 107 S.Ct. 1855, 1857-1858 (1987). Congress did not believe the state courts provided a plain, speedy, and efficient remedy to discriminatory taxation of railroad property, and thus provided federal court jurisdiction over the subject. *Trailer Train Co. v. State Board of Equalization,* 697 F.2d 860, 865-866 (9th Cir. 1983) (citations omitted). If the Court has subject matter jurisdiction over the 2004 tax year as alleged in the Complaint, then this Court should also have subject matter jurisdiction over the Counterclaim, the issue being practically identical but for escaped property in different tax years.

The Municipality anticipates GATX may raise ripeness issues. Retroactive assessment of escaped property, not revaluation, is permissible. *Municipality of Anchorage v. Alaska Distributors Co*, 725 P.2d 692 (Alaska 1986). Thus the Counterclaim action is consistent with state law, but the Municipality does recognize the

---

[3] The Municipality is authorized by state law to retroactively tax property omitted from the assessment roll in a supplemental tax roll. AS § 29.45.220. It is under this provision, and the flexibility afforded to select an appropriate method to assess business personal property, that the Municipality is authorized to capture the railcar property omitted from its 2000 through 2003 assessment rolls. *See, e.g., Municipality of Anchorage v. Alaska Distributors Co*, 725 P.2d 692 (Alaska 1986).

**Opposition to Motion to Dismiss Counterclaims**
**GATX v. Municipality of Anchorage, Case No. 3:05-cv-00291-TMB**
**Page 5 of 12**

state law claims are not ripe. *Alaska Distributors Co.* is distinguished from the Municipality's Counterclaim because in this case the Municipality has yet to issue retroactive tax bills. *See Id.* at 694. The Municipal Assessor intends to do so, but in doing so it will assess property using the same method as that used in the 2004 tax assessment of all of GATX's railcar fleet in the State of Alaska.[4] The Municipality's request for a declaratory ruling regarding whether such a retroactive tax bill is discriminatory under the 4-R Act is thus ripe for adjudication along with the practically identical issue of discriminatory taxation alleged in the Complaint. *See, e.g., State of Arizona v. Atchison, T. & S.F.R. Co.,* 656 F.2d 398, 401-403 (9th Cir. 1981). The Counterclaim, in essence presents the same federal question under the 4-R Act that is presented by the Complaint. That federal question issue is ripe for adjudication, as discussed further below, because the Municipal Assessor is poised to act on the retroactive tax bill.

### III. RAILROAD REVITALIZATION AND REGULATORY REFORM ACT PROVIDES A FEDERAL COURT REMEDY FOR DECLARING VALIDITY OF IMPENDING STATE ACTIONS THAT RAISE FEDERAL QUESTIONS, AND DOES NOT PREVENT THE TAXING JURISDICTION FROM INITIATING THE ACTION.

The question presented by the Counterclaim that is relevant to the federal statute is whether the assessment method has a discriminatory effect on railroad transportation property or not, precisely the issue that is the subject matter of GATX's Complaint. Under a 4-R Act claim based on the residual clause of prohibiting any other tax which

---

[4]

Opposition to Motion to Dismiss Counterclaims
GATX v. Municipality of Anchorage, Case No. 3:05-cv-00291-TMB
Page 6 of 12

results in discriminatory treatment, a federal district court's subject matter jurisdiction is limited to determining whether there is a rational basis for the methodology used by the taxing authority, and whether it has a discriminatory effect. *Burlington Northern R. Co. v. James,* 911 F.2d 1297, 1300-1301 (8th Cir. 1990) (holding there is no discriminatory intent element in the 4-R Act).

Indeed, the taxing authority itself may assert a suit for declaratory relief on the question of whether its scheme of assessing property for purposes of collecting *ad valorem* property taxes is consistent with the 4-R Act. *State of Arizona v. Atchison, T. & S.F.R. Co.,* 656 F.2d at 401-403. The State of Arizona was permitted to maintain its action for declaratory relief in *Atchison,*. because it asserted a federal question under the 4-R Act, and the jurisdictional bar of the Tax Injunction Act, 28 U.S.C. § 1341, did not apply under the exception created by the Act. *Id.* at 402 & n.4. When a party in an action for declaratory judgment in essence seeks to assert a defense to an impending or threatened state action, it is the character of the threatened state action, not the defense, which will determine whether there is federal question jurisdiction. *Public Service Comm'n v. Wycoff Co.,* 344 U.S. 237, 248, 73 S.Ct. 236, 242, 97 L.Ed. 291 (1952) (dictum). GATX has already asserted a ripe federal question under the 4-R Act for the 2004 tax year, and asserted the defense that it is prohibited by the Act. The Municipality seeks a resolution of the same federal question, regarding the same assessment methodology, but a declaration that it may be validly applied to a retroactive tax

**Opposition to Motion to Dismiss Counterclaims**
**GATX v. Municipality of Anchorage, Case No. 3:05-cv-00291-TMB**
**Page 7 of 12**

assessment on GATX property that escaped taxation for tax years 2000 through 2003.[5] There is no reason to believe GATX will not assert the same defense on the Counterclaims.

GATX asserts in its argument that Section 306 of the 4-R Act neither authorizes counterclaims nor establishes any federal jurisdiction over asserted counterclaims by taxing authorities. Admittedly, it may not have been immediately clear the Municipality's Counterclaim also requests a declaration regarding the validity of the assessment methodology under the 4-R Act.[6] Contrary to GATX's characterization, the Municipality is asserting a federal question: whether its assessment methodology applied in the 2004 tax year on GATX's railcar property is discriminatory, and if it is not, may it be applied to the 2000 through 2003 tax years without running afoul of the 4-R Act. Should the Counterclaim require amendment to clarify the issue and its submission to federal jurisdiction, the Municipality requests leave of the Court to do so.

*Atchison* permitted the State of Arizona to similarly request declaratory relief even though it was anticipating Section 306 as a defense. Thus, under *Atchison* and Section 306(2) of the 4-R Act (49 U.S.C. § 11501(c)), this Court has subject matter jurisdiction over the Municipality's Counterclaim, because there is an impending action by the taxing jurisdiction which implicates Section 306.

---

[5] The Municipality is under a statutory obligation to carry out the legislative policy of fairness to all taxpayers by ensuring payment by each taxpayer of its fair share of the tax burden and disallowing windfalls due to the tax assessor's errors. AS 29.45.110 and .180; *see Municipality of Anchorage v. Alaska Distributors Co.,* 725 P.2d 692 (Alaska 1986). Should the methodology used in the 2004 assessment be ruled invalid under the 4-R Act, the Municipality is still under an obligation to determine a fair and nondiscriminatory assessment methodology and to collect taxes on escaped property for prior tax years.

[6] The Municipality incorporated in the Counterclaim relevant sections of its Answer, believing that was sufficient.

**Opposition to Motion to Dismiss Counterclaims**
**GATX v. Municipality of Anchorage, Case No. 3:05-cv-00291-TMB**
**Page 8 of 12**

**IV.   AFTER ADJUDICATION OF THE MUNICIPALITY'S COUNTERCLAIM VALIDITY UNDER SECTION 306, THE COURT'S LIMITED JURISDICTION OVER THE COUNTERCLAIMS ENDS.**

As previously stated, GATX mischaracterizes the Municipality's Counterclaim as a claim for relief under state law. The Municipality does not assert that the Court has jurisdiction over the 2000 through 2003 claim to taxes on escaped property to an extent it should determine the assessment and levy. The Municipality only asserts the limited jurisdiction to determine the validity of the assessment methodology under the 4-R Act.

GATX in its Motion to Dismiss devotes part of it memorandum to arguing the Federal Rules of Civil Procedure which allow counterclaims do not independently provide jurisdiction for the Municipality's Counterclaim and it cannot be within the Court's jurisdiction on theories of diversity jurisdiction or supplemental jurisdiction. Diversity jurisdiction requires an amount in controversy of at least $75,000 in addition to diversity of citizenship. 28 U.S.C. § 1332(a). However, the 4-R Act disposes of the monetary and citizenship requirements. "Notwithstanding section 1341 of title 28 and <u>without regard to the amount in controversy or citizenship of the parties</u>, a district court of the United States has jurisdiction" to hear claims of discriminatory taxation. 49 U.S.C. § 11501(c) (emphasis added). For the Court to reach the question sought by the Municipality in its Counterclaim for prospective issuance of a tax bill for escaped property, diversity jurisdiction is not required.

Supplemental jurisdiction over a counterclaim requires the state claims are so related to the federal claims that they form part of the same case or controversy. 28

Opposition to Motion to Dismiss Counterclaims
GATX v. Municipality of Anchorage, Case No. 3:05-cv-00291-TMB
Page 9 of 12

U.S.C. § 1367. The doctrine of supplemental jurisdiction indicates that federal courts generally have discretion to retain *or* dismiss state law claims when the federal basis for an action drops away. *Shanaghan v. Cahill,* 58 F.3d 106, 109 (4th Cir. 1995). The Counterclaim references state law and it may ripen into a state law adjudication, but the Municipality does not request supplemental jurisdiction of these state law claims. The Court's jurisdiction over them would not promote justice, respect comity, or be convenient to the parties.[7]

Once the 4-R Act issue is settled, the Municipality believes jurisdiction over the Counterclaim should be declined at the Court's discretion. If the federal 4-R Act is not violated by the claim to retroactively tax escaped property using the 2004 assessment methodology, the state law claims, standing alone, are not ripe. The Municipality will be clearly authorized, however, to issue the tax bill for the years referenced in its Counterclaim using a nondiscriminatory methodology approved by the Court.

Jurisdiction for the Counterclaim is established by the federal question under the 4-R Act. Thus, there does exist a logical relationship between GATX's Complaint and the issue presented by the Counterclaim. That logical relationship is grounded in federal question jurisdiction under 28 U.S.C. § 1331 and not a basis for diversity or supplemental

---

[7] Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy. *Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 619 n.7, 98 L.Ed.2d 720 (1988); *Growth Horizons, Inc. v. Delaware County,* 983 F.2d 1277, 1284 (3d Cir.1993). The court should not entertain the state claims that should be avoided as a matter of comity, to promote justice to the parties, for convenience and to assure a surer-footed application of state law by the appropriate state tribunal. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct.1130, 1139, 16 L.Ed.2d 218 (1966). The Municipality does not request the Court to decide its state law claim to collection of escaped property taxation.

**Opposition to Motion to Dismiss Counterclaims**
**GATX v. Municipality of Anchorage, Case No. 3:05-cv-00291-TMB**
**Page 10 of 12**

jurisdiction. The Court's federal question ruling is the extent of its 4-R Act jurisdiction, and limiting the Counterclaim relief to that issue is consistent with the Tax Injunction Act and Section 306's careful abrogation of that Act for only limited purposes.[8]

## V.    CONCLUSION

The Municipality clarifies that its Counterclaim is intended to incorporate in the present case the question of whether the assessment methodology utilized by the Municipal Assessor for the 2004 tax year may be validly applied to a supplemental tax roll capturing taxes on escaped property owned by GATX for the 2000 through 2003 tax years. This same federal question is presented by the Complaint. The Court is not requested to assess the escaped property and levy the tax, or to determine the state law questions of property taxation, but merely to determine whether the retroactive taxation would be discriminatory under the 4-R Act. If necessary, the Municipality requests leave of the court to amend its Counterclaim. The Municipality respectfully requests that the Motion to Dismiss be denied.

---

[8] Granting the Municipality's requested relief does not constitute assessing and levying taxes by the court, in violation of *Moses Lake Homes, Inc. v. Grant Co.*, 365 U.S. 744 (1961) as alleged by GATX. Instead, the Municipality's Counterclaim preserves its retroactive taxation claims for escaped property, contingent on authorization by the federal court for application of the assessment methodology used in the 2004 tax assessment of GATX's railcars to the escaped property for the 2000 through 2003 tax years. Had the Municipality failed to plead in its claim to escaped property for those tax years, the six-year limitations period imposed by AS 09.10.120(a) would continue to run until the conclusion of this case, jeopardizing its rights to collect.

**Opposition to Motion to Dismiss Counterclaims**
**GATX v. Municipality of Anchorage, Case No. 3:05-cv-00291-TMB**
**Page 11 of 12**

DATED this 7th day of March, 2006.

        FREDERICK H. BONESS
        MUNICIPAL ATTORNEY

        /s/Dean T. Gates_____
        Dean T. Gates, Assistant Municipal Attorney
        Municipal Attorney's Office
        P.O. Box 196650
        Anchorage, Alaska 99519-6650
        e-mail: uslit@muni.org
        (907) 343-4545
        (907) 343-4550 facsimile
        AK Bar No. 0105025

<u>Certificate of Service</u>
I hereby certify that a true and correct copy of
*Defendant's Opposition to Plaintiff's Motion to Dismiss Counterclaim for Lack of Subject Matter Jurisdiction*
on the 7th day of March 2006 to:
    Brewster Jamieson
    Steven D. Goodwin
by first class regular mail, if noted above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

<u>s/Retah Hicks</u>
Retah Hicks, Legal Secretary
Municipal Attorney's Office

**Opposition to Motion to Dismiss Counterclaims**
**GATX v. Municipality of Anchorage, Case No. 3:05-cv-00291-TMB**
**Page 12 of 12**