Brewster H. Jamieson
LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska  99503-2648
Tel:    907-277-9511
Fax:    907-276-2631
Email:  jamiesonb@lanepowell.com

Stephen D. Goodwin
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
2000 First Tennessee Building
Memphis, Tennessee 38103
Tel:    901-577-2141
Fax:    901-577-0734
Email:  sgoodwin@bakerdonelson.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| GATX FINANCIAL CORPORATION,<br><br>       Plaintiff/Counter Defendants,<br><br>v.<br><br>MUNICIPALITY OF ANCHORAGE; DON M. MCGEE, in his capacity as Assessor of the Municipality of Anchorage; and BOARD OF EQUALIZATION OF THE MUNICIPALITY OF ANCHORAGE,<br><br>       Defendants/Counter Claimant. | Case No. 3:05-cv-00291-TMB<br><br>**REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM FOR LACK OF SUBJECT MATTER JURISDICTION** |

Plaintiff GATX Financial Corporation ("GATX") submits this Reply to Defendants' Opposition to Plaintiff's Motion to Dismiss Counterclaim for Lack of Subject Matter Jurisdiction and states as follows:

Implicitly acknowledging that this Court would have no subject matter jurisdiction over its counterclaim as originally stated, defendant Municipality of Anchorage ("MOA") now attempts to avoid dismissal by completely re-casting its counterclaim.  In its counterclaim, MOA expressly requested relief as follows:

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

> For judgment in favor of the Municipality and against plaintiff for taxes owed for tax years 2000 through 2003 inclusive, in an amount to be determined at trial.

(Counterclaim at 8). However, notwithstanding the foregoing express claim for taxes owed for tax years 2000 through 2003, MOA now argues that it "does not assert that the Court has jurisdiction over the 2000 through 2003 claim to taxes on escaped property to an extent it should determine the assessment and levy." (Defendants' Opposition to Plaintiff's Motion to Dismiss Counterclaim. for Lack of Subject Matter Jurisdiction ("Defendants' Opposition") at 9). Moreover, regardless of the absence of any reference whatsoever in the counterclaim respecting a "declaratory judgment," MOA now asserts that by its counterclaim, MOA seeks "a declaration authorizing the Municipality to issue a retroactive tax assessment to GATX for those years using the approved nondiscriminatory method of assessing and levying property taxes." (Defendants' Opposition at 2). Despite MOA's modified statement of its counterclaim, MOA's counterclaim should be dismissed for lack of subject matter jurisdiction.

MOA admits that this Court lacks jurisdiction over its Counterclaim apart from any jurisdiction granted under Section 306.[1] However, Section 306 neither authorizes counterclaims nor establishes any federal jurisdiction over counterclaims asserted by taxing authorities.

MOA's theory to escape dismissal is based on a faulty premise under Section 306 and a complete misreading of the case precedent. MOA apparently believes that the role of this Court under Section 306 is to "determin[e] whether there is a rational basis for the methodology used by the taxing authority, and whether it has a discriminatory effect." (Defendants' Opposition at 7). Thus, according to MOA's faulty premise, once this Court gives its stamp of approval to the "methodology" under Section 306, MOA may then presumably proceed to attempt assessments for previous years. This argument fails under the law and facts of this case. First and foremost, MOA

---

[1] Although the language of the original Section 306 of the Railroad Revitalization and Regulatory Reform Act of 1976, now codified at 49 U.S.C. § 11501, was slightly altered when recodified as part of Interstate Commerce Act, the changes are "not to be construed as making a substantive change in the laws replaced." *Burlington Northern R.R. Co. v. Oklahoma Tax Comm'n*, 481 U.S. 454, 458 n.1 (1987); *see also State of Arizona v. Atchison, Topeka and Santa Fe R.R. Co.*, 656 F.2d 398, 400 (9th Cir. 1981). In this brief, reference will be made to the original Section 306 language, a copy of which is attached as Exhibit 1 to GATX's Motion to Dismiss Counterclaim for Lack of Subject Matter Jurisdiction.

**Reply to Defendants' Opposition to Plaintiff's Motion to
Dismiss Counterclaim for Lack of Subject Matter Jurisdiction**
*GATX Financial Corporation v. Municipality of Anchorage, et al.* **(3:05-cv-00291-TMB)**    Page 2 of 6

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage,Alaska 99503 -2648
Telephone 907.277.9511  Facsimile 907.276.2631

offers no definition of the "methodology" to which it refers.  GATX assumes this reference is to some purported assessment technique for allocating the value of GATX's movable property (its tank cars) to Anchorage.   Whatever the "methodology" may be, and notwithstanding whether it is appropriate for use in multiple tax years, the issue before the Court is to determine whether the 2004 tax year <u>assessment</u>, however determined, falls within the prohibitions of Section 306.

Contrary to MOA's assertion that the question presented by MOA's Counterclaim is "precisely the issue that is the subject matter of GATX's Complaint" (Defendants' Opposition at 6), GATX does not ask this Court to determine whether MOA's assessment "methodology" is discriminatory.  Instead, GATX requests this Court to enjoin and restrain any collection based on an assessment, however determined, that results in discrimination based on the standards set forth in Section 306; and to issue all necessary declaratory, prohibitory and mandatory restraining orders and injunctions to effectuate the findings of this Court.  (*See* Complaint).  Thus, GATX invokes this Court's subject matter jurisdiction established under Section 306 to determine whether the MOA <u>assessment</u> (not MOA's assessment "methodology") of GATX's property for the 2004 tax year is discriminatory.  *See* Section 306(2).

In addition, MOA's legal argument that the Court is merely refereeing a "methodological" dispute is indefensible under the very case precedent upon which MOA relies.  In *Burlington Northern R.R. Co. v. James*, 911 F.2d 1297 (8th Cir. 1990), the Eighth Circuit reviewed a case involving the tax authority's allegedly discriminatory determination of the portion of railroad property that should be exempt from taxation as "personal" property.[2]  Thus the inquiry in that case and in the instant case are similar.  In *James*, the district court needed to decide whether the assessor's identification of personal property resulted in discrimination; in the instant case, the controversy arises because of the "allocation" percentage determined by MOA's assessor for tax year 2004.  The district court in *James*, using language parallel to MOA's argument here, did in fact refuse to determine the merits of the case based on the view that Section 306 authorized and required the court to determine <u>only</u> whether Minnesota had adopted a "rational method" to determine real property value.  *See Burlington Northern R.R. Co. v. James*, 725 F. Supp. 1058, 1064 (D. Minn.

---

[2]  Minnesota did not tax personal property.

**Reply to Defendants' Opposition to Plaintiff's Motion to
Dismiss Counterclaim for Lack of Subject Matter Jurisdiction**
*GATX Financial Corporation v. Municipality of Anchorage, et al.*  (3:05-cv-00291-TMB)        **Page 3 of 6**

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

1989). The Eighth Circuit completely rejected the district court's limited view of Section 306, remanding the case for a determination as to whether the assessment resulted in discrimination. The Eighth Circuit explicitly rejected any "rational basis" test, directing the court to make factual findings on the existence of discrimination. *See* 911 F.2d at 1301-02. Thus, MOA's request that this Court approve a "methodology" for 2004, or any other tax year, is improper under Section 306.

In addition to a declaration as to whether MOA's assessment method for tax year 2004 is discriminatory, MOA also purportedly seeks a declaration that "the Municipality may collect taxes on escaped or omitted property owned by GATX for tax years 2000 through 2003 using the same assessment method as the 2004 tax assessment." (Defendants' Opposition at 2). MOA asserts that *State of Arizona v. Atchison, Topeka, and Santa Fe R.R. Co.*, 656 F.2d 398 (9th Cir. 1981) stands for the proposition that Section 306 creates jurisdiction for this Court to entertain a suit for declaratory relief by a taxing authority to determine whether its scheme of assessing property tax is consistent with the 4-R Act. However, unlike MOA's Counterclaim, Arizona invoked the court's jurisdiction for a declaratory judgment as to whether Arizona's statutory property tax classification scheme resulted in *de jure* discrimination under Section 306. 656 F.2d at 400; *see also General American Transportation Corp. v. Commonwealth of Kentucky*, 791 F.2d 38, 40 (6th Cir. 1986)("One method of discrimination prohibited by § 306(c), is expressly imposing a different tax rate on rail property than is imposed on other commercial and industrial property. This is *de jure* discrimination."). The instant case is not a facial challenge to an Alaskan statute or a municipal ordinance, but instead is a *de facto* challenge to the assessment established by MOA. In contrast, MOA seeks a declaratory judgment as to whether a certain assessment methodology is discriminatory under Section 306 before the MOA actually even applies this assessment methodology to past tax years.

However, MOA's claim is not ripe for adjudication. Section 306(2)(c) provides that "no relief may be granted under this section unless the ratio of assessed value to true market value, with respect to transportation property exceeds by at least 5 per centum the ratio of assessed value to true market value, with respect to all other commercial and industrial property in the same assessment jurisdiction." Accordingly, the jurisdiction of this Court to grant relief pursuant to Section 306 is limited by the required preliminary comparison of the ratios of <u>assessed</u> <u>value</u> to true market value for rail transportation property and other commercial and industrial property in the taxing

Reply to Defendants' Opposition to Plaintiff's Motion to
Dismiss Counterclaim for Lack of Subject Matter Jurisdiction
*GATX Financial Corporation v. Municipality of Anchorage, et al.*  (3:05-cv-00291-TMB)    Page 4 of 6

jurisdiction.  MOA's Counterclaim is not ripe for adjudication because no assessment of any alleged escaped or omitted property for tax years 2000 through 2003 has been made.  *See* AS § 29.45.220; *Municipality of Anchorage v. Alaska Distributors Co.*, 725 P.2d 692, 693 (Alaska 1986).  Absent an assessment of the alleged escaped or omitted property, this Court cannot make the required preliminary comparison.

Moreover, "whether the question is viewed as one of standing or ripeness, the Constitution mandates that prior to our exercise of jurisdiction there exist a constitutional 'case or controversy,' that the issues presented are 'definite and concrete, not hypothetical or abstract.'"  *Thomas v. Anchorage Equal Rights Commission*, 220 F.3d 1134, 1139 (9th Cir. 2000)(*citing Railway Mail Ass'n v. Corsi*, 326 U.S. 88, 93 (1945)).  "In assuring that this jurisdictional prerequisite is satisfied, we consider . . . whether the alleged injury is too 'imaginary' or 'speculative' to support jurisdiction."  *Id.* (*citing Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)).  "[N]either the mere existence of a proscriptive statute nor a generalized threat of prosecution satisfies the 'case or controversy requirement.'"  *Id.* (*citing San Diego Co. Gun Rights Comm'n v. Reno*, 98 F.3d 1121, 1126-27 (9th Cir. 1996)).  In this case, MOA admits that "the state law claims [for escaped or omitted taxes] are not ripe" and that "the Municipality has yet to issue retroactive tax bills." (Defendants' Opposition at 6).  The MOA also argues that the Municipal Assessor "intends" to issue a retroactive tax bill using the "same method as that used in the 2004 assessment of all of GATX's railcar fleet in the State of Alaska.".  *Id.*  However, MOA not only fails to specify what is meant by reference to "the method used in the 2004 assessment," but MOA also fails to articulate authority specifying that the Municipal Assessor should apply the hypothetical "2004 assessment methodology" when making retroactive assessments.  Thus, MOA's Counterclaim does not present a ripe case or controversy but is a generalized threat of prosecution that presents issues too hypothetical and too speculative to support jurisdiction.

Finally, "a federal court has neither the power to render advisory opinions nor 'to decide questions that cannot affect the rights of litigants in the case before them.'"  *Presier v. Newkirk*, 422 U.S. 395, 401 (1975)(*citing North Carolina v. Rice*, 404 U.S. 244 (1971); *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937)).  Nonetheless, an advisory opinion is precisely what the MOA

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**Reply to Defendants' Opposition to Plaintiff's Motion to
Dismiss Counterclaim for Lack of Subject Matter Jurisdiction**
*GATX Financial Corporation v. Municipality of Anchorage, et al.* **(3:05-cv-00291-TMB)**          **Page 5 of 6**

seeks by its Counterclaim.  First, MOA argues that the Counterclaim "preserves the Municipality's claim for taxes owed on escaped property." (Defendants' Opposition at 2).  Also, MOA asserts that:

> If the federal 4-R Act is not violated by the claim to retroactively tax escaped property using the 2004 assessment methodology, the state law claims, standing alone, are not ripe.  The Municipality will be clearly authorized, however, to issue the tax bill for the years referenced in it Counterclaim using a nondiscriminatory methodology approved by the Court.

(Defendants' Opposition at 10).  In short, MOA seeks for this Court to issue a constitutionally-prohibited opinion purportedly advising whether application of its "2004 assessment methodology" is discriminatory under Section 306 and whether MOA may issue a tax bill to tax GATX's alleged escaped or omitted property for tax years 2000 through 2003.  GATX does not mean to suggest that future conduct by MOA could not lead to additional litigation under Section 306.  **If** MOA attempts to assess, levy, and collect taxes on closed tax years, and the assessments result in discrimination under Section 306, GATX would again need to seek the protection of this Court.  However, the exercise of such jurisdiction must await future events which may or may not occur.

## CONCLUSION

For the foregoing reasons, this Court should dismiss MOA's Counterclaim for lack of subject matter jurisdiction.

DATED this 17th day of March, 2006.

LANE POWELL LLC
Attorneys for GATX Financial Corporation


By   s/ Brewster H. Jamieson
   Brewster H. Jamieson, ASBA No. 8411122
   301 West Northern Lights Boulevard, Suite 301
   Anchorage, Alaska  99503-2648
   Telephone:   907-277-9511
   Facsimile:   907-276-2631
   Email:  jamiesonb@lanepowell.com

I certify that on March 17, 2006, a copy
of the foregoing was served by ECF on:

Dean T. Gates, Esq.  uslit@muni.org
Stephen D. Goodwin  sgoodwin@bakerdonelson.com

 s/ Brewster H. Jamieson
121591.0001/154251.1

**Reply to Defendants' Opposition to Plaintiff's Motion to
Dismiss Counterclaim for Lack of Subject Matter Jurisdiction**
*GATX Financial Corporation v. Municipality of Anchorage, et al.*  (3:05-cv-00291-TMB)          **Page 6 of 6**

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska  99503-2648
Telephone  907.277.9511  Facsimile  907.276.2631