IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GATX FINANCIAL CORPORATION,<br><br>                  Plaintiff,<br><br>v.<br><br>MUNICIPALITY OF ANCHORAGE; DON M. MCGEE, in his capacity as Assessor of the Municipality of Anchorage; and BOARD OF EQUALIZATION OF THE MUNICIPALITY OF ANCHORAGE,<br><br>                  Defendants. | Case No. 3:05-cv-00291-TMB<br><br>**AMENDED<br>CONSENT ORDER FOR<br><u>DEPOSIT OF FUNDS IN COURT</u>** |

       Plaintiff GATX Financial Corporation ("GATX") has filed suit seeking preliminary relief from this Court to enjoin the collection of taxes which are allegedly discriminatory pursuant to Section 306 of the Railroad Revitalization and Regulatory Reform Act of 1976, codified at 49 U.S.C. § 11501.  GATX has further filed an unopposed motion referencing agreement between the plaintiff and the defendants that, in order to preserve the *status quo*, the disputed taxes may be deposited in an interest-bearing account in the registry of this Court, pending the resolution of this case.  Entry of a Consent Order approving this agreement will obviate the need for the Court to consider motions for a temporary restraining order or preliminary injunction which otherwise would be filed by GATX.

       Finding that the agreement of the parties is reasonable and conserves the Court's resources, the Court hereby GRANTS GATX's motion and ORDERS as follows:

       1.    Pursuant to Local Rule 67.1, GATX will tender to the Clerk for deposit in the registry account of this Court a check in the amount of the taxes in dispute in this matter.  This deposit will be made within 30 days of the date that the Municipality of Anchorage renders a bill for the disputed taxes.  The Clerk is hereby directed to deposit the money in an interest-bearing savings account, and shall be set up at the Wells Fargo Bank's Main Branch at 301 West Northern Lights

Boulevard, Anchorage, Alaska 99503.  Further, the Clerk is directed to deduct from income earned on the investment a fee, not exceeding that authorized by the Judicial Conference of the United States and set by the Director of the Administrative Office.  At the conclusion of this litigation, the Court will enter an appropriate order for distribution of the principal deposited and the interest accrued, less any administrative costs imposed or incurred by the Clerk.  No further interest, costs, or penalties imposed by Alaska statute or the Municipal Code of Anchorage pertaining to delinquent taxes will be imposed on the disputed taxes paid into the Registry for the 2004 tax year.

2. Consent to this Order by counsel for the defendants does not in any way indicate that the defendants concede that they have or will violate Section 306 of the Railroad Revitalization and Regulatory Reform Act of 1976.

This consent is being granted merely to preserve the *status quo* until the Court has the opportunity to hear the case on its merits.

Counsel for the Municipality of Anchorage ("MOA") has stipulated that MOA is the authority responsible for the assessing, levying, and collection of the taxes at issue under Section 306 of the Railroad Revitalization and Regulatory Reform Act of 1976.  Counsel for MOA has further stipulated that MOA will insure compliance with any orders of this Court by all agencies, boards, and employees and officials of MOA.  In light of these stipulations, the plaintiff will enter into a stipulated dismissal without prejudice under Rule 41(a)(1)(ii) of the Fed. R. Civ. P. as to defendants Don M. McGee and the Board of Equalization of the Municipality of Anchorage.

DATED this 20th day of March, 2006.

/s/ Timothy Burgess
The Honorable Timothy M. Burgess
United States District Court Judge